JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-1719 FMO (SPx) | Date | August 29, 2016 |
|---|---|---|---|
| Title | Lonzo Pack, et al. v. National Carriers, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Remanding Action

On July 8, 2016, putative class action plaintiff Lonzo Pack ("plaintiff") filed a Complaint in the San Bernardino County Superior Court against defendant National Carriers, Inc. ("defendant") and Does 1 through 10. (See Dkt. 1-1, Complaint). On August 9, 2016, defendant removed that action to this court pursuant to 28 U.S.C. §§ 1332 & 1441. (See Dkt. 1, Notice of Removal ("NOR") at 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014). Defendant did not remove the instant action on the basis of CAFA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1719 FMO (SPx) | Date | **August 29, 2016** |
|---|---|---|---|
| Title | **Lonzo Pack, et al. v. National Carriers, Inc., et al.** | | |

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the Notice of Removal and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.

---

[2] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 16-1719 FMO (SPx)** | Date | **August 29, 2016** |
|---|---|---|---|
| Title | **Lonzo Pack, et al. v. National Carriers, Inc., et al.** | | |

2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because defendant's assertions regarding the amount in controversy[3] are too speculative and conclusory to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy for a single named plaintiff[4] meets or exceeds the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[5] The Notice of Removal is replete with speculative and unsupported statements that "[b]ased on its investigation and records, [defendant] has determined" that the action meets the amount in controversy threshold. (See Dkt. 1, NOR at ¶¶ 22-23 & 27-29). But such unsupported "determinations" are insufficient to establish, by a preponderance of the evidence, that the amount in controversy has been satisfied. For example, there is no evidence identifying who reviewed the records for a single named plaintiff or the basis for that reviewer's calculations. (See, generally, id.). Nor does defendant provide any of the underlying records by which the court could confirm the accuracy of defendant's calculations. (See, generally, id.). Defendant's unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy requirement of § 1332(a).

---

[3] The amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See Dkt. 1-1, Complaint at 38-39) ("Prayer for Relief").

[4] The Notice of Removal seeks to establish that the named plaintiff meets the jurisdictional threshold and that the court has supplemental jurisdiction over the unnamed class members, pursuant to 28 U.S.C. § 1367. (See Dkt. 1, NOR at 1). In non-CAFA class actions, diversity jurisdiction is established where at least one class member is diverse from the defendant and no named plaintiff is non-diverse, see Snyder v. Harris, 394 U.S. 332, 339-40, 89 S.Ct. 1053, 1058-59 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant[.]"); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007), and at least one of the named plaintiffs meets the amount in controversy requirement. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 & 566-67, 125 S.Ct. 2611, 2615 & 2625 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 [] authorize[s] supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount.").

[5] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 16-1719 FMO (SPx)** | Date | **August 29, 2016** |
|---|---|---|---|
| Title | **Lonzo Pack, et al. v. National Carriers, Inc., et al.** | | |

See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory threshold].") (internal quotation marks omitted) (emphasis in original).

    The calculations put forth by defendant are not only speculative and conclusory, but suspect on their face.  For example, defendant contends that plaintiff's claim for business expenses is "at least $162,000.00[,]" (Dkt. 1, NOR at ¶ 24), including the $75,000 purchase price for a Kenworth truck and $23,000 in lease payments for a second truck.  (See id. at ¶ 22).  Putting aside the fact that defendant provides no evidence to support its assertions, there is no indication that plaintiff seeks as damages the full purchase price of the truck or the full $23,000 in lease payments, particularly given that plaintiff alleges that he "leased a truck from Defendant[], which [plaintiff] then leased back to Defendant[]," and after he purchased a truck, "leased [the Kenworth truck] to Defendant[] in his role as an independent contractor Driver."  (Dkt. 1-1, Complaint at ¶ 21) (emphasis added).

    Equally suspect is defendant's assumption of a 100% violation rate for plaintiff's California Labor Code claims.  (See Dkt. 1, NOR at ¶ 31).  Defendant's justification for applying a 100% violation rate is based solely on case law, not allegations in the Complaint or any supporting evidence.  (See, generally, id.).  However, "courts disavow the use of a 100% violation rate when calculating the amount in controversy absent evidentiary support."  Moreno v. Ignite Rest. Grp., 2014 WL 1154063, *5 (N.D. Cal. 2014).

    In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted); Valdez, 372 F.3d at 1118 (same).  Therefore, there is no basis for diversity jurisdiction.

    **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

    Based on the foregoing, IT IS ORDERED that:

    1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, 247 West Third Street, San Bernardino, CA 92415,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 16-1719 FMO (SPx)** | Date | **August 29, 2016** |
|---|---|---|---|
| Title | **Lonzo Pack, et al. v. National Carriers, Inc., et al.** | | |

for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.  The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer    vdr
